IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

MARGARET RUFFIN,                         :
                                         :
    Plaintiff,                           :
                                         :
vs.                                      :       CIVIL ACTION 04-0736-P-M
                                         :
CITIFINANCIAL CORPORATION, LLC.,         :
                                         :
    Defendant.                           :

REPORT AND RECOMMENDATION

The Motion for Remand filed by Plaintiff Margaret Ruffin (Doc. 6) has been referred for report and recommendation, under 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2. Jurisdiction has been invoked in this Court on the basis of a federal question (Doc. 1).  After consideration, it is recommended that Plaintiff's motion be denied in its entirety.

The facts are, briefly, as follows.  "[I]n February 2002, an imposter opened an account in [Plaintiff Margaret Ruffin's'] name and incurred charges in the amount of $1,609.00.  Plaintiff notified [D]efendant [Citifinancial Corporation LLC] of the forgery," but Defendant, nevertheless, "continue[d] its efforts to collet the debt from [P]laintiff" (Doc. 6, Exhibit A, pp. 1-2).[1]  Ruffin filed suit against Citifinancial in the Circuit Court of Choctaw County, Alabama,

---

[1]This exhibit is the Order of Remand entered by Hon. Virgil Pittman in *Ruffin v. Cityfinancial*, C.A. 03-0193-P-C (S.D. Ala. July 18, 2002).

raising claims of negligence/ wantonness, infliction of emotional distress, and the tort of outrage (*id.*).  Defendant removed the action to this Court on the basis of diversity, but the action was remanded back to the State court as the Court found that Citifinancial had not proven that the damages sought met the jurisdictional amount of $75,000 (*id.* at pp. 3-7).

After the action was remanded, Plaintiff amended her complaint to include a claim under the Federal Credit Reporting Act (Doc. 1, Exhibit C).  Citifinancial again removed the action to this Court, but this time on the basis of federal question jurisdiction (Doc. 1).  Plaintiff has filed a Motion to Remand or, in the Alternative, Motion to Dismiss (Doc. 6).  Defendant has responded to the Motion (Doc. 10) to which Plaintiff has replied (Doc. 15).

The Court notes that "[i]n ruling on a motion to remand, the non-movant bears the burden of showing that the requirements for removal have been met."  *Nichols v. Southeast Health Plan of Alabama, Inc.*, 859 F.Supp. 553, 556 (S.D. Ala. 1993) (citing *Gould v. Artisoft, Inc.*, 1 F.3d 544, 547 (7th Cir. 1993)).  Therefore, the Defendants must demonstrate that this Court has subject-matter jurisdiction over this cause.  This is a heavy burden.  *Burns v. Windsor Insurance Co.*, 31

F.3d 1092, 1095 (11th Cir. 1994).  District courts have been instructed to consider the following principles in determining if the removal of an action from a state court was proper:

> Federal courts are courts of limited jurisdiction.  While a defendant does have a right, given by statute, to remove in certain situations, plaintiff is still the master of his own claim.  Defendant's right to remove and plaintiff's right to choose his forum are not on equal footing; . . . removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand.

*Burns*, 31 F.3d at 1095 (citations omitted).

The Court notes that any civil action over which the district court would have original jurisdiction may be removed by the defendant to the district court for the district in which the action is pending.  28 U.S.C. § 1441(a).  Under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  There would seem to be no dispute that Ruffin's claim under the Federal Credit Reporting Act is one that could have been originally brought in this Court.  *See* 15 U.S.C. § 1681.

The time for determining jurisdiction in a removed action is at the time of removal.  *Poore v. American-Amicable Life*

*Insurance Co. of Texas*, 218 F.3d 1287, 1290-91 (11th Cir. 2000).  At the time that this action was removed, Plaintiff had brought a federal claim which could have been brought in this Court.  As there has been no assertion by Plaintiff that removal was untimely or that there was any other procedural defect in the removal (*see* Docs. 6, 15), the Court finds that Defendant properly removed this action to this Court.  Consistent with this finding, it is recommended that Ruffin's Motion to Remand, on the basis of improper removal, be denied.

Ruffin's motion also requests, in the alternative, that she be allowed to dismiss her federal claim and the balance of the claims be remanded back to the State court for further adjudication (Doc. 6).  The Court notes that the U.S. Supreme Court has held that federal district courts can remand an action removed to it from state court if the Plaintiff dismisses the federal claims from the complaint.  *Carnegie-Mellon University v. Cohill*, 484 U.S. 343 (1988).  The district courts are cautioned, however, to examine the pleadings to be sure that the plaintiff is not manipulating the proceedings.  Specifically, the Court stated as follows:

> A district court can consider whether the plaintiff has engaged in any manipulative tactics when it decides whether to remand a case. If the plaintiff has attempted to manipulate the forum, the court should take

> this behavior into account in determining
> whether the balance of factors to be
> considered under the pendent jurisdiction
> doctrine support a remand in the case.

*Carnegie-Mellon*, 484 U.S. at 357.

In this action, it is apparent that Plaintiff is, indeed, attempting to manipulate the forum. Ruffin crafted her original complaint so as to avoid federal court and it is expressly noted that there is nothing wrong with that. However, when the federal claim was added, Plaintiff ran the risk of this action being removed. It was a risk that should not have been taken if Ruffin wanted to maintain her action in the State courts. This Court is not going to enable Plaintiff's desire by allowing the dismissal of her federal claim. Therefore, it is recommended that Ruffin's Motion to Remand or, in the Alternative, Motion to Dismiss be denied in its entirety (Doc. 6).

## MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.  **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a <u>de novo</u> determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  <u>See</u> 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir.

1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 25th day of April, 2005.

                                                        s/BERT W. MILLING, JR.
                                                       UNITED STATES MAGISTRATE JUDGE